**REISER, Plaintiff-Appellee, v. BERNHARD et, Defendants-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 6057.   Decided June 16, 1959.

Neal Dillon, Edwin C. Johnston, Logan, for plaintiff-appellee.

Butler, Addison, Smith & Carmack, Richard C. Addison, Ralph G. Smith, of Counsel, Columbus, for defendants-appellants.

## OPINION

Per CURIAM.

This is an appeal on questions of law and fact from the judgment rendered by the Common Pleas Court of Franklin County, Ohio. In the court below William O. Reiser, plaintiff-appellee herein, was plaintiff and Garrett R. Bernhard and Glen Huss, the latter defendant-appellant herein, were defendants.

Reiser in his petition, as amended, alleged that Bernhard in the period from July 1, 1956, to September 15, 1956, was engaged in the retail business of selling and servicing small motors and other equipment from locations at 1037 McKinley Avenue and the rear of 4892 North High Street, both in Columbus, Ohio. The petition further says that on the latter date Bernhard "sold and transferred in bulk, and otherwise than in the usual course of trade or in the usual and regular prosecution of such business, the whole stock of merchandise pertaining to the conduct of said business, to the defendant, Glen Huss, * * *." It is further alleged that Huss "failed and neglected to demand and receive" from Bernhard a sworn list of creditors with the amount due each and further that Huss "failed, at least five (5) days before taking possession of such merchandise, or paying therefor, to notify plaintiff of the proposed sale and of the price terms and conditions thereof as required by law, * * *."

Reiser claimed that at the time of the sale and transfer, Bernhard was indebted to him for $6,000 for merchandise furnished. Reiser, relying upon the provisions of the Bulk Sales Law, §1313.53 et seq, R. C., asked that Huss be declared trustee of all said merchandise for his benefit and be required to account for all said property, that it be sold and the proceeds applied to plaintiff's claim. Separate demurrers were filed on behalf of Huss and Bernhard, which were overruled by the court below after which Huss filed an answer admitting that Bernhard was engaged in the retail business as referred to above, and that on September 15, 1956, Bernhard sold substantially all of said merchandise to Huss. The answer denied for want of knowledge that Bernhard owed Reiser $6,000 and denied generally other allegations in the petition.

The matter came on for hearing before Sater, J., of the Common Pleas Court of Franklin County, Ohio, who gave judgment for Reiser and against Huss. This decision was journalized on November 6, 1958, and forms the basis for the appeal to this court upon questions of law and fact.

The lower court found that the sum of $6,000 was due from Bernhard to Reiser; that Bernhard sold the entire stock of goods and merchandise to Huss in what amounted to a bulk sale; that Huss did not comply with the bulk sales law (§1313.53 et seq, supra, R. C.), either as to obtaining the required complete list of creditors or the notification of all the creditors; and that Huss failed to give five days' notice to Reiser before taking possession of said property or paying therefor and hence that the sale was void. (Sec. 1313.58 R. C.)

The lower court then declared that Huss held the said property as trustee for Reiser. Huss was given ten days to account to the court and to Reiser for the property, or in the alternative, to provide a bond double the amount of the judgment of $6,000.

As before stated, this is an appeal on questions of law and fact and the parties have entered into the following stipulation as to the evidence:

"The Plaintiff-Appellee, William O. Reiser, and the Defendant-Appellant, Glen Huss, each by counsel, do hereby stipulate that the evidence to be presented in this appeal shall consist of the entire transcript of the testimony, to include the deposition of Garrett R. Bernhard taken prior to trial, and to the introduction of which the Defendant-Appellant, Glen Huss, did object.

"So stipulating, it is agreed that neither party waives any objection or exception made during the course of the hearing in the Trial Court, and that such transcript of the testimony and deposition are presented to this Court for its ruling in the same manner as the same were presented in the Trial Court."

Appellant in his brief divides his argument into three parts, while plaintiff-appellee divides his argument into six issues.

At the outset, attention must be given objection to the deposition of Garrett R. Bernhard, which on the envelope enclosing it, is described as having been taken on Friday, December 6, 1958. However, this envelope bears the file stamp of the clerk of the Common Pleas Court of Franklin County of April 4, 1958, some eight months earlier and we conclude that the statement in the deposition itself that it took place

on Friday, December 6, 1957, is correct. In any event, a stipulation appears in the bill of exceptions at page 66, line 22, et seq., "that the Defendant, Garrett R. Bernhard, was duly committed to the Columbus State Hospital as a mentally ill person on January 31, 1958." The bill of exceptions says the trial began April 8, 1958.

Referring back to the stipulation of evidence, it is noted that Huss objected to the introduction of the deposition in the court below, that neither party waives any objection or exception made at the hearing in the court below and that the bill of exceptions and deposition "are presented to this court for its ruling in the same manner as the same were presented in the trial court."

We do not regard the contents of the deposition as vital or controlling in the outcome of this case. The deposition of Bernhard was taken nearly two months prior to the time when he was declared mentally ill and as the court below stated all persons are presumed to be sane until the contrary is shown. The court below also noted that the testimony of Bernhard seemed to be entirely lucid and rational. We cannot disagree with this contention nor with the apparent feeling of relief on the part of Bernhard that he had gotten out of the rather complicated business tangle in which he found himself. In as much as the debt due from Bernhard to Reiser pursuant to the purchase agreement (Plaintiff's Exhibit 1) was evidenced by a cognovit note for $7,000 (Plaintiff's Exhibit 2) secured by a chattel mortgage (Plaintiff's Exhibit 5), taken with the other testimony in the case, there cannot be a great amount of question with reference to the indebtedness owing from Bernhard to Reiser. This is independent of and in addition to the statements of Bernhard in the deposition. As a matter of fact it might be said that Bernhard in the deposition attempted to create an equitable offset against his debt to Reiser by describing amounts expended improving the interior of the building owned by Reiser and the cooling equipment installed and left in the building.

The journal entry of the court below contains the following provision, "that said sale and transfer of said stock of goods, merchandise, business and fixtures be and the same is hereby void; * * *."

We note that the Bulk Sales Law (§1313.54 R. C.), provides that where a sale is made contrary to its provisions such sale is declared to be "void as against the creditors of the seller, transferror or assignor * * *."

We do not regard Bernhard as a necessary party in as much as the Bulk Sales Law authorizes the voiding of such sale contract "as against the creditors of seller, etc." The statute does not say, "void," as between the parties nor otherwise than as above quoted. We therefore do not regard this claim as controlling and this contention is, in our judgment, not well taken.

It has been urged that at the time the matter came on for consideration by this court that Bernhard was restored to reason, therefore, competent as a witness. Except as indicated in the briefs, the record does not support any such conclusion and in light of the language contained in the stipulation we feel this question must be an-

426

swered in light of conditions existing at the time of the hearing in the court below namely, April 8, 1958.

In view of the holding of the Supreme Court of Ohio in the case of **The Commercial & Savings Bank Co. et al. v. The B. F. Goodrich Rubber Co. et al., 124 Oh St 369,** we reach the same conclusions as those of the court below.

BRYANT, PJ, DUFFY, J, concur.
MILLER, J, not participating.